UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FRANK D. BAXTER,

                Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                Defendant.

NO:  12-CV-0159-TOR

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 15, 20).  These matters were heard without oral argument on December 4, 2012.  Plaintiff is represented by Maureen J. Rosette.  Defendant is represented by Vikash Chhagan.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  There being no reason to delay a decision, the hearing set for February 24, 2014, is vacated and this matter is submitted without oral argument.  For the reasons discussed below, the Court grants in part and denies in part both motions.

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R.

§ 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is

capable of performing past relevant work, the Commissioner must find that the

claimant is not disabled. 20 C.F.R. §416.920(f). If the claimant is incapable of

performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education and

work experience. *Id.* If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled. 20 C.F.R.

§ 416.920(g)(1). If the claimant is not capable of adjusting to other work, the

analysis concludes with a finding that the claimant is disabled and is therefore

entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If

the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R. §

416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

ALJ'S FINDINGS

Plaintiff filed an application for supplemental social security income on

October 23, 2008, alleging disability beginning on January 1, 2008.  Plaintiff's

claim was denied initially on April 24, 2009, and again on reconsideration on

September 20, 2009.  Plaintiff requested an administrative review hearing, which

was conducted on July 7, 2010.  On July 22, 2010, the administrative law judge

("ALJ") issued a decision finding that Plaintiff was not disabled under the Social

Security Act.  The Appeals Council denied review on February 23, 2012, making

the ALJ's decision the final decision of the agency.

ISSUES

Plaintiff, Frank Baxter, seeks judicial review of the Commissioner's final

decision denying him Title XVI Supplemental Security Income.  Plaintiff has

raised two issues for review: (1) whether the hypothetical question posed to the

vocational expert during the administrative hearing accurately reflected Plaintiff's

reaching limitations; and (2) whether the ALJ properly considered the medical

opinions of Dr. William Shanks, who found Plaintiff was "severely restricted in his

activity level" due to degenerative disc disease and possible disc protrusion.

DISCUSSION

**A. The ALJ's Findings Concerning Plaintiff's Reaching Limitations are Not Supported by Substantial Evidence**

At step five of the sequential evaluation process, the ALJ found that Plaintiff was capable of performing other work in the national economy. This finding was based upon testimony by the vocational expert that Plaintiff could work as a microfilm document preparer (DOT 249.587-018) or a hand packager (DOT 209.587-010). The vocational expert's testimony, in turn, was based upon a hypothetical which mirrored the following RFC assessment:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. [§] 416.967(b) except he could [only] stand for 4 hours in an 8 hour workday and [only] sit up to 6 hours in an 8 hour workday. He would need a sit/stand option once an hour. He can walk 2 blocks at a time before needing to take a brief rest. He can occasionally reach overhead and he can occasionally push and pull with his upper extremities. He can occasionally climb stairs and ramps and he can never climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He would need to avoid concentrated exposure to extreme cold and vibration and hazards such as machinery and heights. He can have only occasional contact with the public and coworkers. He should work with things rather than people.

Tr. 25.

Plaintiff asserts that the ALJ erred by excluding Plaintiff's limited ability to reach in *all* directions—not just overhead—from her hypothetical. As a result of this omission, Plaintiff argues, the ALJ failed to satisfy her burden of demonstrating that Plaintiff is capable of performing other work existing in

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 7

significant numbers in the national economy.  "At the very least," Plaintiff argues, "this [error] requires remand to determine whether Mr. Baxter would be capable of performing any jobs which exist[] in the national economy based on his limited ability to reach in any direction, as well as overhead, with his upper extremities." ECF No. 16 at 14-15.

The Court agrees that a limited remand is warranted for two reasons.  First, the ALJ did not address July 2009 findings by examining physician Dr. Norman Staley that Plaintiff (1) had a "limited" ability to "[r]each [in] *all* directions (including overhead);" and (2) suffered from "Brachial Plexus & R[ight] arm pain, tingling & wrist pulse stop[ping] w[ith] R[ight] arm raises *especially* w[ith] overhead reach."  Tr. 434 (emphasis added).  While it is possible that the ALJ implicitly afforded limited weight to these findings given that they were registered on a standardized form with limited explanation (*see Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)), or in light of other medical evidence in the record (*see Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)), the ALJ did not make any such findings.  Because the Court "may not affirm the ALJ on a ground upon which he did not rely," *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), it must remand.  On remand, the ALJ should either accept Dr. Staley's finding that Plaintiff is limited in his ability to reach in *all* directions or provide specific and legitimate reasons supported by substantial evidence in the record for rejecting that

finding.

Second, the ALJ failed to address Plaintiff's own testimony that he was limited in his ability to reach in all directions. At the administrative hearing, the ALJ asked Plaintiff directly whether his difficulties were limited to *overhead* reaching or whether they were more extensive. Plaintiff responded that his difficulties were more extensive:

> Plaintiff: And rotation [of my right shoulder] causes a lot of grinding and popping pain.
>
> ALJ: And you're right handed, so does that affect your ability to grasp or push or pull at all with that right arm, or is it mainly just overhead lifting that's a problem?
>
> Plaintiff: Overhead is where it goes numb, but even doing something like writing with a pencil, after 10 minutes, my - - I start to shake. Pinching some sort of nerve there.

Tr. 57-58. Although the ALJ made a number of pointed adverse credibility findings, none of these findings are specific to Plaintiff's professed inability to reach in all directions. Rather, these findings relate almost exclusively to Plaintiff's subjective complaints of pain caused by his degenerative disc disease and kidney stones. Thus, the Court concludes that the ALJ's findings are not supported by substantial evidence. On remand, the ALJ should either accept Plaintiff's testimony regarding the severity of his reaching limitations or provide specific, clear and convincing reasons supported by substantial evidence for rejecting it. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)

1   ("[I]f the record establishes the existence of a medically determinable impairment

2   that could reasonably give rise to the reported symptoms, an ALJ must make a

3   finding as to the credibility of the claimant's statements about the symptoms and

4   their functional effect.").

5   **B. Medical Opinions of Dr. William Shanks**

6   Examining physician Dr. William Shanks performed a physical evaluation

7   of Plaintiff on April 22, 2010.  Tr. 456-61.  Dr. Shanks opined that Plaintiff

8   suffered from degenerative disc disease and noted "evidence of disc protrusion at

9   the L4-L5 level, with mild instability at this level."  Tr. 458.  Dr. Shanks rated

10  these impairments as "marked" in severity and found that Plaintiff would

11  experience "[v]ery significant interference" in performing the basic work-related

12  activities of sitting, standing, walking, lifting and carrying.  Tr. 460.  Dr. Shanks

13  described Plaintiff's overall work level as "severely restricted,"[1] (Tr. 460) and

14  _____

15  [1]  Dr. Shanks wrote "severely restricted" in a portion of the evaluation form which

16  asked him to rate Plaintiff's overall work level "[u]sing the definitions below."  Tr.

17  460.  "Severely restricted" is not one of the definitions listed on the form.  The

18  Court will presume, however, that Dr. Shanks intended to rate Plaintiff's overall

19  work level as "severely *limited*," which is defined as "unable to lift at least 2

20  pounds or unable to stand and/or walk."  Tr. 460.

1   opined that Plaintiff "would be severely restricted in his activity level at this time."

2   Tr. 458.

3   　　　　The ALJ afforded "little weight" to Dr. Shanks's opinions for three reasons.

4   First, the ALJ found that Dr. Shanks's opinions were based almost entirely upon

5   Plaintiff's subjective complaints of worsening symptoms.  Tr. 33.  As noted above,

6   the ALJ determined that these subjective complaints were not credible.  Tr. 33.

7   Second, the ALJ noted that Plaintiff had been able to work for many years despite

8   his impairments.  Tr. 33.  In the ALJ's view, the fact that Plaintiff's impairments

9   had not precluded him from working in the past undermined his testimony

10  concerning his present inability to work.  Tr. 33.  Third, the ALJ explained that

11  Plaintiff "has continued to be treated conservatively with good results from

12  cortisone injections."  Tr. 33.

13  　　　　Plaintiff argues that the ALJ's rejection of Dr. Shanks's opinions is not

14  supported by substantial evidence.  In general, an ALJ must provide clear and

15  convincing reasons for rejecting the opinions of an examining physician.  *Hill v.*

16  *Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).  When an examining physician's

17  opinions are contradicted by other medical opinions, the ALJ must provide specific

18  and legitimate reasons that are supported by substantial evidence for rejecting the

19  examining physician's opinions.  *Id.* (quotation and citation omitted); *Lester*, 81

20  F.3d at 830-31.  To the extent that an examining physician's opinions are based

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 11

1  upon the claimant's subjective complaints, the ALJ may cite the unreliable nature

2  of the claimant's complaints as a reason for rejecting the examining physician's

3  opinion.  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.

4  1999) ("A physician's opinion of disability [which is] premised to a large extent

5  upon the claimant's own accounts of his symptoms and limitations may be

6  disregarded where those complaints have been properly discounted.") (internal

7  quotations and citation omitted).

8         As an initial matter, the ALJ should not have relied upon Plaintiff's past

9  ability to work despite his limitations as a reason for discounting Dr. Shanks's

10  findings.  Although an ALJ may normally consider a claimant's prior ability to

11  "overcome" an impairment when evaluating the credibility of a claimant's self-

12  reported symptoms, *see Gregory v. Bowen*, 844 F.2d 664, 667-68 (9th Cir. 1988),

13  such a consideration becomes decidedly less relevant where, as here, the ALJ finds

14  the claimant unable to perform past relevant work at step four of the sequential

15  evaluation process.  Indeed, a finding that a claimant is unable to perform past

16  relevant work due to a medically determinable impairment would seem to preclude

17  an ALJ from drawing an adverse inference from the claimant's prior ability to

18  perform such work.

19         Nevertheless, the Court finds that the ALJ's remaining reasons for devaluing

20  Dr. Shanks's opinions are supported by substantial evidence.  Most notably, the

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 12

record is replete with examples of Plaintiff engaging in drug-seeking behavior.

Several of Plaintiff's doctors commented upon this behavior and ultimately refused

to provide Plaintiff with prescription narcotic medications.  This well-documented

evidence indicates that Plaintiff is willing to embellish the severity of pain caused

by his degenerative disc disease and kidney stones when it suits him.  Accordingly,

the ALJ did not err in citing this evidence as a reason for concluding that the

symptoms which Plaintiff self-reported to Dr. Shanks were not as severe as

Plaintiff claimed.  *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001)

(holding that ALJ may consider a claimant's drug-seeking behavior in making an

adverse credibility determination).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

>    1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **GRANTED** in part and **DENIED** in part.

>    2. Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED** in part and **DENIED** in part.

>    3. This case is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order pursuant to the fourth sentence of 42 U.S.C. § 405(g).

>    4. Plaintiff may file an application for attorney's fees and costs by separate motion.

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 13

The District Court Executive is hereby directed to file this Order, enter Judgment for Plaintiff, provide copies to counsel, and **CLOSE** this file.

**DATED** this 4th day of December, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER ON SUMMARY JUDGMENT MOTIONS ~ 14